**Francisco MENDOZA, Sr., Plaintiff-Appellant,**

v.

**SOUTHERN PACIFIC TRANSPORTATION CO., a Corporation, Defendant-Appellee.**

**No. 82–5807.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 10, 1984.

Decided May 14, 1984.

Richard R. Reyes, Los Angeles, Cal., for plaintiff-appellant.

S. Dwayne Chasteen, David Kyle, William E. Still, Los Angeles, Cal., for defendant-appellee.

Before CHOY, NELSON and CANBY, Circuit Judges.

CHOY, Circuit Judge:

Southern Pacific Transportation Company ("Southern Pacific") employed Francisco Mendoza, Sr., the appellant, as a foreman. On September 28, 1978, Southern Pacific assigned Mendoza to its Burbank section yard in Los Angeles County. While preparing his gang to leave the yard, Mendoza tripped and fell over a hose that was lying on the ground as it was pulled by a co-employee. The co-employee was part of another gang that was filling a water tank on the bed of its truck from a faucet on the side of an office building.

Mendoza filed suit in federal court under the Federal Employer's Liability Act ("FELA") against Southern Pacific for alleged injuries suffered as a result of the employee's negligence. The district court directed a verdict in favor of Southern Pacific at the close of Mendoza's case, reasoning that Mendoza had not met his burden of proof. We reverse and remand.

## I. STANDARD OF REVIEW

In *Rogers v. Missouri Pacific R.R. Co.*, 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957), the Supreme Court indicated that FELA cases require less proof than ordinary negligence actions. Holding that the evidence supported plaintiff's FELA claim, the Court stated that under FELA, "the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, *even the slightest,* in producing the injury or death for which damages are sought." *Id.* at 506, 77 S.Ct. at 448 (emphasis added) (footnote omitted).

Accordingly, although railroad companies do not insure against accidents and the plaintiff in FELA cases still bears the burden of proving negligence, courts have held that only "slight" or "minimal" evidence is needed to raise a jury question of negligence under FELA. *See Ybarra v. Burlington Northern, Inc.*, 689 F.2d 147, 149 (8th Cir.1982); *Burns v. Penn Central Co.*, 519 F.2d 512, 514 (2d Cir.1975); *Boe-*

*ing Co. v. Shipman,* 411 F.2d 365, 370–73 (5th Cir.1969) (en banc) (dictum). Although federal courts have generally rejected the "scintilla rule" that any evidence supporting a tort claim raises a jury question, courts have applied a rule very much like the "scintilla rule" to FELA cases. *See* 5A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 50.02[1] (2d ed. 1982). In FELA cases, "it is only necessary that the jury's conclusion be one which is not outside the possibility of reason on the facts and circumstances shown." *Chicago, Rock Island & Pacific Railroad Co. v. Melcher,* 333 F.2d 996, 999 (8th Cir.1964).

■ We agree that slight evidence is sufficient in FELA cases to raise a jury question. By enacting FELA, Congress wanted to "secure jury determinations in a larger proportion of cases than would be true of ordinary common law actions." *Boeing Co. v. Shipman,* 411 F.2d at 371 (dictum). Jury trials were supposed to be part of the FELA remedy. *See Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines,* 369 U.S. 355, 360, 82 S.Ct. 780, 784, 7 L.Ed.2d 798 (1962). This wider availability of jury determinations in FELA cases is consistent with Congress' desire "to put on the railroad industry some of the cost for the legs, eyes, arms, and lives which it consumed in its operations." *Wilkerson v. McCarthy,* 336 U.S. 53, 68, 69 S.Ct. 413, 420, 93 L.Ed. 497 (1949) (Douglas, J., concurring).

Southern Pacific relies on two cases, *Richardson v. Indianapolis,* 658 F.2d 494, 498 (7th Cir.1981), *cert. denied,* 455 U.S. 945, 102 S.Ct. 1442, 71 L.Ed.2d 657 (1982), and *Hohmann v. Packard Instrument Co.,* 471 F.2d 815, 819 (7th Cir.1973), to argue that the proper standard of review is whether "reasonable jurors could differ on the conclusions drawn [from the evidence]." *Richardson,* 658 F.2d at 498. It concludes that "a mere scintilla of evidence will not suffice." Those cases, however, do not control here because they are not FELA cases. *Richardson* involved an action for civil rights violations, and *Hohmann* involved an action for violations of

the antifraud provision of the federal securities laws.

## II. REVIEW OF THE RECORD

The district court erred in dismissing Mendoza's FELA case by directed verdict on the ground that he did not meet his burden of proof on negligence. Reviewing the district court's directed verdict, we must view the evidence in the light most favorable to the non-moving party. *See, e.g., Richardson v. Indianapolis,* 658 F.2d at 498; *Boeing Co. v. Shipman,* 411 F.2d at 374.

■ Viewed in such a manner, the evidence in this case supports Mendoza's contention that he tripped over the hose as a result of a co-employee's negligence and establishes at least a "slight" or "minimal" question of negligence. Mendoza testified that he tripped over a hose that the co-employee lifted above the ground. A maintenance crew member of Southern Pacific who was present at the scene agreed with Mendoza's account of the accident. The crew member also testified that the co-employee pulled the hose about 4 or 5 inches off the ground. The co-employee conceded that he pulled the hose, and did not testify that he was looking for anyone who might be crossing the hose at the time.

These at least "slight" or "minimal" facts could lead a jury to infer that the co-employee negligently pulled the hose without looking. This is especially so in light of the jury's broad power to engage in inferences in FELA cases. *See Ybarra v. Burlington Northern, Inc.,* 689 F.2d at 149 (quoting *Chicago, Rock Island & Pacific Railroad Co. v. Melcher,* 333 F.2d 996, 999 (8th Cir.1964)); *Boeing Co. v. Shipman,* 411 F.2d at 371–72 & n. 7 (dictum). For example, in *Moore v. Chesapeake & Ohio Railway Co.,* 493 F.Supp. 1252 (S.D.W.Va.1980), *aff'd,* 649 F.2d 1004 (4th Cir.1981), the district court found that the jury could infer from "entirely circumstantial" evidence that an employee dropped butter on the cafeteria floor, which caused the plaintiff to slip and fall. 493 F.Supp. at 1265 (quoting *Rogers v. Missou-*

**634**

ri *Pacific Railroad Co.*, 352 U.S. 500, 508, 77 S.Ct. 443, 449, 1 L.Ed.2d 493 (1957)). Although the only evidence on the issue showed that employees preceded the plaintiff in line, the court nonetheless rejected the railroad's contention that the evidence was insufficient to present a jury question. *Id.*

Southern Pacific asserts that work performed in the usual and customary manner is non-negligent unless the custom itself is shown to be dangerous. It concludes that the record does not support a finding of negligence because the case "is an absolutely classic 'usual and customary case.'"

Viewed in the light most favorable to Mendoza, however, the evidence could lead to the inference that the pulling of the hose 4 to 5 inches off the ground was not customary, but only occurred because the truck was parked further away from the faucet than it would have been on a normal day. Moreover, the jury could have concluded that pulling the hose, even if customary, was a dangerous and negligent custom. *See Ybarra v. Burlington Northern, Inc.*, 689 F.2d at 150–51 (customary nonenforcement of safety rules held negligent).

Mendoza correctly argues that the district court improperly dismissed his action on the ground that he did not introduce sufficient evidence of damages. The record contains a medical doctor's testimony that Mendoza suffered injuries and had to undergo a laminectomy as a result of the fall. The doctor testified that the accident damaged certain nerve roots that continue to give Mendoza pain.

We reverse the district court's directed verdict in favor of Southern Pacific and remand for a new trial.

REVERSED AND REMANDED.