977 F.2d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence J. WALLER, Plaintiff-Appellant,
v.
BURLINGTON NORTHERN RAILROAD COMPANY, Defendant-Appellee.
 No. 91-35613.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1992.
Decided Oct. 22, 1992.
 
 1
 Before GOODWIN and SCHROEDER, Circuit Judges, and KEEP, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Plaintiff-appellant Lawrence Waller appeals the district court's grant of judgment notwithstanding the verdict in favor of Burlington Northern Railroad Company on this action under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51.
 
 
 4
 Waller's lawsuit charged that the Railroad did not provide a safe work place or safe tools and equipment. The crux of his argument is that replacing rail ties ("nipping") with a jack is safer than doing so with a bar. Thus, according to plaintiff's theory, it was negligent for Burlington to allow nipping to occur by utilizing a bar instead of a jack.
 
 
 5
 The jury found in favor of Waller and awarded him $225,000. The district court, however, concluded that there was insufficient evidence for a finding of liability and therefore overturned the jury's verdict.
 
 
 6
 The Supreme Court long ago stated that "whether there was employer fault and whether that fault played any part in the injury or death of the employee should be decided by the jury." Rogers v. Missouri Pacific R.R., 352 U.S. 500, 508 (1957). The Ninth Circuit has echoed this theme of deference to the jury, stating that "although railroad companies do not insure against accidents and the plaintiff in FELA cases still bears the burden of proving negligence, courts have held that only 'slight' or 'minimal' evidence is needed to raise a jury question of negligence under FELA." Mendoza v. Southern Pac. Transp. Co., 733 F.2d 631, 632 (9th Cir.1984). "[I]t is only necessary that the jury's conclusion be one which is not outside the possibility of reason on the facts and circumstances shown." Id. at 633, quoting Chicago, Rock Island & Pacific R.R. Co. v. Melcher, 333 F.2d 996, 999 (8th Cir.1964). The jury also has the broad power to engage in inferences in FELA cases. Id. Thus, "[a] jury's right to pass upon the questions of fault and causation in FELA actions must be viewed liberally; the jury's power to engage in inferences is significantly broader than in common law negligence actions." Pierce v. Southern Pac. Transp. Co., 823 F.2d 1366, 1370 (9th Cir.1987).
 
 
 7
 Appellant presented evidence that it is safer to nip a tie with a jack than with a bar. In its grant of JNOV the district court ruled that this evidence was insufficient because the district court incorrectly ruled that under FELA, in order to sustain a verdict of negligence, the plaintiff was required to have evidence that the bar was inherently unsafe. The district court incorrectly held that the lesser standard of proof in FELA cases applies only to causation and not to negligence. This is not the law in this circuit. See Mendoza, supra; Rodriguez v. Delray Connecting R.R., 473 F.2d 819 (6th Cir.1973). Indeed, the Supreme Court overturned a ruling that evidence of failure to provide a safer type of rivet gun would not support the jury verdict of negligence in Honeycutt v. Wabash Ry. Co., 303 S.W.2d 153 (Mo.App.), rev'd, 355 U.S. 424 (1958).
 
 
 8
 REVERSED AND REMANDED WITH INSTRUCTIONS TO THE DISTRICT COURT TO REINSTATE THE JURY VERDICT.
 
 
 
 *
 The Honorable Judith N. Keep, Chief Judge, United States District Judge for the Southern District of California, sitting by designation, was not present for oral argument. She has read the briefs, reviewed the record, and listened to the tape of oral argument held on October 7, 1992
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3