34 F.3d 1073
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William A. PELOZZIE, Plaintiff-Appellant,
v.
BURLINGTON NORTHERN RAILROAD COMPANY, a corporation,
Defendant-Appellee.
 No. 93-35262.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 20, 1994.
Decided Aug. 26, 1994.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William A. Pelozzie appeals the district court's grant of summary judgment for defendant Burlington Northern Railroad Company ("Burlington") in a personal injury action brought under the Federal Employer's Liability Act ("FELA"), 45 U.S.C. Sec. 51. We reverse. Pelozzie is a patrol officer for Burlington's Asset Protection Division. On the night of July 4, 1990, he was assaulted when he confronted a group of trespassers who were parked in a truck near the railroad depot, blocking one of the side tracks. An Amtrak employee told Pelozzie that a train was due in soon, and asked that Pelozzie clear the trespassers from the track. Although Pelozzie was off-duty at the time of the incident, it is uncontested that he was acting within the scope of his employment and in furtherance of the railroad's business at the time, and no Burlington employee was on duty at the depot. The district court granted summary judgment on the basis that Pelozzie failed to produce any evidence that Burlington was negligent and could have foreseen the assault, and therefore he failed to produce any proof concerning essential elements of his case.
 
 
 3
 It is true that once the moving party has met its burden of proving the absence of any genuine issue of material fact, the nonmoving party may not rest on mere allegations, but must set forth specific facts showing there is a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). However, the Supreme Court has "emphasized that the availability of summary judgment [turns] on whether a proper jury question was presented." Id. "On summary judgment the inferences to be drawn from the underlying facts contained in [the moving party's] materials must be viewed in the light most favorable to the party opposing the motion." United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam).
 
 
 4
 Pelozzie did not file any statement of facts opposing those presented by Burlington in their motion for summary judgment. Instead, Pelozzie disputed the foreseeability of his assault arising from those facts. "A jury's right to pass upon the questions of fault and causation in FELA actions must be viewed liberally; the jury's power to engage in inferences is significantly broader than in common law negligence actions." Pierce v. Southern Pac. Transp. Co., 823 F.2d 1366, 1370 (9th Cir.1987). See also Mendoza v. Southern Pac. Transp. Co., 733 F.2d 631 (9th Cir.1984). In Mendoza, we cited with approval a district court's finding that "the jury could infer from 'entirely circumstantial' evidence that an employee dropped butter on the cafeteria floor, which caused the plaintiff to slip and fall." 733 F.2d at 633, citing Moore v. Chesapeake & Ohio Ry. Co., 493 F.Supp. 1252, 1265 (S.D.W.Va.1980), aff'd, 649 F.2d 1004 (4th Cir.1981).
 
 
 5
 In the case at bar the railroad depot area was left unguarded by Burlington that night, and Pelozzie, though off duty, acted within the scope of his employment and on railroad business as it was his duty to protect the railroad's property. "[S]light evidence is sufficient in FELA cases to raise a jury question." Mendoza, 733 F.2d at 633. Given the liberal power granted to a jury to pass on questions of fault and causation and to draw inferences in FELA actions, we find that whether or not Burlington was negligent and the assault was foreseeable are best left to the jury to determine.[1]
 
 
 6
 REVERSED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because we reverse the district court's grant of summary judgment, we need not reach the issue of whether the district court erred in denying Pelozzie's motion for reconsideration