**NOT FOR PUBLICATION**
**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

**FILED**

DEC 16 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KEVIN SMITH,

              Plaintiff-Appellant,

    v.

UNION PACIFIC RAILROAD
COMPANY,

              Defendant-Appellee.

No.    15-15139

D.C. No.
2:12-cv-00656-TLN-CKD

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted December 14, 2016[**]
San Francisco, California

Before:    **KOZINSKI**, **BYBEE** and **N.R. SMITH**, Circuit Judges.

The Federal Employers' Liability Act (FELA) was enacted "to secure jury

determinations in a larger proportion of cases than would be true of ordinary

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

common law actions." <u>Mendoza</u> v. <u>S. Pac. Transp. Co.</u>, 733 F.2d 631, 633 (9th Cir. 1984). Only "'slight' or 'minimal' evidence is needed to raise a jury question of negligence under FELA." <u>Id.</u> at 632 (citations omitted). Smith identifies a number of disputed factual issues: Did Union Pacific salt the parking lot on January 15, 2009? Would snow spikes have been available to Smith? Would Smith's injuries have been prevented had he been wearing snow spikes? On this record, it is "not outside the possibility of reason" that Union Pacific was negligent. <u>Id.</u> at 633. Because the question of negligence should be decided by a jury, <u>S. Pac. Co.</u> v. <u>Guthrie</u>, 180 F.2d 295, 300 (9th Cir. 1949), summary judgment was not appropriate.

**REVERSED** and **REMANDED**.