**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

GREG GIBBONS,

          Plaintiff-Appellee,

  v.

UNION PACIFIC RAILROAD
COMPANY,

          Defendant-Appellant.

No.   19-15839

D.C. No.
2:15-cv-02231-GMN-CWH

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted April 2, 2020[**]
Pasadena, California

Before:  McKEOWN, N.R. SMITH, and NGUYEN, Circuit Judges.

    Union Pacific Railroad Company appeals the district court's judgment,

entered in favor of Greg Gibbons after a jury trial, on Gibbons's negligence claim

under the Federal Employers' Liability Act ("FELA").  We have jurisdiction under

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291, and we affirm in part and reverse in part.

Union Pacific did not file a post-verdict motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b). It thus "waived [its] right to directly challenge the sufficiency of the evidence" and, on appeal, we "assess only the trial court's denial of [Union Pacific's] motion for a new trial [and to alter the judgment] under Rule 59." *Crowley v. Epicept Corp.*, 883 F.3d 739, 751 (9th Cir. 2018) (explaining that a "post-verdict motion under Rule 50(b) is an absolute prerequisite to any appeal based on insufficiency of the evidence" (quoting *Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086, 1089 (9th Cir. 2007))).

1. The district court did not abuse its discretion by concluding that Gibbons had proved each element of his FELA claim. *See Experience Hendrix L.L.C. v. Hendrixlicensing.com Ltd.*, 762 F.3d 829, 842 (9th Cir. 2014) (Rule 59(a)); *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001) (Rule 59(e)). As the district court explained, Gibbons had introduced evidence that supported the verdict, including: (1) testimony from expert Mark Burns, who described the "limited load-bearing capacity and structural integrity of the flatcar bridge"; (2) photographs that showed visible sagging in the center of the bridge prior to its collapse; and (3) testimony from inspector Randy Winn, who detailed the "limited nature of [Union Pacific's] bridge inspections."

From this evidence, which is much more than an "*absolute absence of*

2

*evidence*," *Crowley*, 883 F.3d at 751 (quoting *Kode v. Carlson*, 596 F.3d 608, 612 (9th Cir. 2010)), the jury reasonably could have inferred that Union Pacific should have known that the bridge posed a potential hazard, *see Pierce v. S. Pac. Transp. Co.*, 823 F.2d 1366, 1370 (9th Cir. 1987) ("[T]he jury's power to engage in inferences is significantly broader [in FELA actions] than in common law negligence actions [and] [a] reviewing court must uphold a verdict even if it finds only 'slight' or 'minimal' facts to support a jury's findings of negligence." (citation omitted) (quoting *Mendoza v. S. Pac. Transp. Co.*, 733 F.2d 631, 633 (9th Cir. 1984))).

2. Union Pacific challenges the jury's award of $500,000 for future medical and hospital expenses, $1,500,000 for future lost wages and benefits, $1,500,000 for mental and emotional damages, and $1,500,000 for physical pain and suffering. We affirm in part and reverse in part.

We affirm the $500,000 damages award for Gibbons's future medical and hospital expenses. *See Del Monte Dunes at Monterey, Ltd. v. City of Monterey*, 95 F.3d 1422, 1435 (9th Cir. 1996) ("We must uphold the jury's finding unless the amount is grossly excessive or monstrous, clearly not supported by the evidence, or based only on speculation or guesswork."). The district court properly instructed the jury regarding present value, *see Monessen Sw. Ry. Co. v. Morgan*, 486 U.S. 330, 339–40 (1988), and Union Pacific, not Gibbons, bore the burden of

offering competent evidence for discounting, *Alma v. Mfrs. Hanover Tr. Co.*, 684 F.2d 622, 626 (9th Cir. 1982).

The district court did not err by allowing Dr. Dunn to testify regarding future medical damages. Contrary to Union Pacific's interpretation of the magistrate judge's pre-trial order, the order did not bear on Dr. Dunn's testimony. The order denied only Gibbons's motion to designate an additional expert witness and to reopen discovery. Lastly, the amount of damages was not "grossly excessive or monstrous," *Del Monte Dunes*, 95 F.3d at 1435, given Dr. Dunn's testimony regarding the costs of two likely future surgeries and the likelihood of a third future surgery, and Gibbons's testimony that he has been instructed to take a nerve medication indefinitely.

We also affirm the $1,500,000 award for mental and emotional humiliation or pain and anguish. The jury received evidence that Gibbons endured mental and emotional issues after the accident. Gibbons testified that post-accident he was unhappy and "was probably ornery all the time." His relationship with his wife, including their "intimate relationship," suffered. Gibbons also testified that he is compelled to take prescription medication even though he is "[d]efinitely anti-prescription" and he experiences panic symptoms near bridges. We cannot conclude that "there is a complete absence of probative facts to support the conclusion reached" by the jury. *Lavender v. Kurn*, 327 U.S. 645, 653 (1946).

4

And although the award is significant, we have upheld similarly high damages awards. *See, e.g.*, *Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 513 (9th Cir. 2000) (upholding a $1,000,000 emotional distress damages award where the claimant testified to "substantial anxiety" as a result of alleged discrimination).

For similar reasons, we also affirm the $1,500,000 award for physical pain and suffering. Gibbons testified that he gets headaches for days at a time and endures back pain and neck issues that, according to Dr. Dunn, likely will persist even after future surgeries. Because the evidence presented at trial supported the jury's finding that Gibbons has suffered and likely will continue to suffer significant physical issues, we cannot conclude that the award is grossly excessive or clearly not supported by the record. *See Del Monte Dunes*, 95 F.3d at 1435.

We reverse the $1,500,000 award for future lost wages and benefits. Union Pacific's argument that the district court "erred in allowing Gibbons' counsel to argue that Gibbons had a specific number of years in which he would be unable to work" is without merit. The district court precluded only Dr. Dunn from testifying as to Gibbons's work life capacity; it did not block Gibbons's counsel from making such an argument.

But the $1,500,000 award, which anticipated Gibbons's near-immediate inability to work in any capacity, was "clearly not supported by the evidence, or

5

based only on speculation or guesswork." *Id.* Gibbons admits that he continues to work without restrictions at a salary of $60,000 to $70,000 per year. Even assuming a calculation based on the high end of that range, a $1,500,000 award corresponds to around two decades of missed work.[1] And Gibbons's counsel recommended only an award of $700,000 in future lost wages and benefits—less than half of what the jury awarded.

Although there is some evidence in the record from which the jury might have inferred that, at some point, Gibbons will be forced to leave his Union Pacific job due to his accident-related injuries, there is no evidence that he faces an imminent risk of losing his job or that he would be unable to find alternative employment. Gibbons has already had spinal surgery and continues to work without restrictions, taking pain medication that mitigates his pain. Therefore, because the award for future lost wages and benefits is unsupported by the evidence, we remand for the district court to "give[] [Gibbons] the option of either submitting to a new trial or of accepting a reduced amount of damage which the court considers justified." *Fenner v. Dependable Trucking Co., Inc.*, 716 F.2d 598, 603 (9th Cir. 1983). We otherwise affirm.

Each party shall bear its own costs on appeal.

---

[1] This does not even take into account the jury instruction to use Gibbons's after-tax income, which would increase the number of years of missed work.

**AFFIRMED IN PART, REVERSED IN PART.**