**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LEANN KENNEDY,

              Plaintiff-Appellant,

    v.

EASTERN IDAHO RAILROAD, L.L.C.;
WATCO COMPANIES, L.L.C.,

              Defendants-Appellees.

No. 23-35141

D.C. No. 1:19-cv-00424-JMM

MEMORANDUM*

Appeal from the United States District Court
for the District of Idaho
James Maxwell Moody, Jr., District Judge, Presiding

Argued and Submitted March 28, 2024
Seattle, Washington

Before: WARDLAW, PARKER,** and MILLER, Circuit Judges.

Plaintiff-Appellant Leann Kennedy ("Kennedy") appeals the district court's

denial of her post-trial motions for a new trial, for renewed judgment as a matter of

law, and to vacate the judgment. In November 2016, Kennedy, then an employee

---

    * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    ** The Honorable Barrington D. Parker, Jr., United States Circuit Judge
for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

of Defendants-Appellees Watco Companies, LLC d/b/a/ Eastern Idaho Railroad, LLC ("EIRR"), was involved in a train accident while coupling railroad cars in the course of her duties. The impact caused her to hit her head and, she contends, resulted in brain injuries that contributed to the medical conditions from which she now suffers.

In 2019, Kennedy asserted negligence claims against EIRR under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51. The jury found that EIRR was 60 percent responsible for the coupling accident, that Kennedy was 40 percent responsible, and that Kennedy suffered no damages. The district court entered judgment in favor of EIRR. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Kennedy first contends that the district court erred in denying her motion for a new trial because the jury's verdict was impermissibly inconsistent by apportioning fault but awarding no damages. We review a district court's denial of a motion for a new trial for abuse of discretion. *Kode v. Carlson*, 596 F.3d 608, 611 (9th Cir. 2010). Contrary to Kennedy's assertion, the jury returned a general verdict applying relevant negligence law to the facts of this case pursuant to Federal Rule of Civil Procedure 49(b)—not a special verdict under Rule 49(a). Thus, Kennedy was required to raise her objection below before the jury was released. *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1030−36 (9th Cir.

2

2003); *Kode*, 596 F.3d at 611. Because Kennedy did not do so, she has waived her right to object to the consistency of the verdict.

In any event, the district court did not abuse its discretion in declining to disturb the jury's verdict. The plaintiff in a FELA case "bears the burden of proving negligence," and one essential element of a negligence claim is proof of damages. *Mendoza v. South. Pac. Transp. Co.*, 733 F.2d 631, 632 (9th Cir. 1984); *see Weinberg v. Whatcom Cnty.*, 241 F.3d 746, 751 (9th Cir. 2001) ("Proof of damages is required because 'the purpose of a tort action is to compensate for loss sustained and to restore the plaintiff to [their] former position.'") (quoting Restatement (Second) of Torts § 549(2) cmt. g (1977)).

The record on appeal reflects that Kennedy adduced to the jury, at best, only minimal evidence of damages. The jury was apparently unpersuaded by her presentation and awarded her no damages, which it was entitled to do.[1] The district court therefore did not abuse its discretion by declining to second-guess the jury and denying Kennedy's motion for a new trial. *See Kode*, 596 F.3d at 611; *see also Hard v. Burlington Northern R.R.*, 812 F.2d 482, 486 (9th Cir. 1987) ("We will not disturb the jury verdict, unless, viewing the evidence in the manner most

---

[1] Kennedy argued to the jury for $8 million in damages in opening and closing, but "opening and closing arguments are not evidence." *Zafiro v. United States*, 506 U.S. 534, 541 (1993). Kennedy failed to present evidence of medical expenses she claimed she incurred due to the accident.

favorable to the prevailing party, we can say that the court abused its discretion."), *abrogated on other grounds by Warger v. Shauers*, 547 U.S. 40 (2014).

2. Likewise, the district court did not err in denying Kennedy's motion for renewed judgment as a matter of law as to EIRR's negligence and Kennedy's comparative fault and damages. "We review de novo the grant or denial of a renewed motion for judgment as a matter of law." *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002). In evaluating a Federal Rule of Civil Procedure 50(b) motion, "[t]he test is whether the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to that of the jury." *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 970 (9th Cir. 2013) (quoting *White v. Ford Motor Co.*, 312 F.3d 998, 1010 (9th Cir. 2002)). The evidence presented at Kennedy's trial did not permit only one reasonable conclusion with respect to these issues. While EIRR admitted that its train conductor was partially at fault for the accident, it argued that Kennedy's fault also played a role in the rough coupling, and it presented expert testimony to that end. The parties therefore were at odds as to the *apportionment* of fault between them. We have been clear that the apportionment of fault in FELA cases is a question of fact for the jury to decide. *See Jenkins v. Union Pacific R. Co.*, 22 F.3d 206, 212 (9th Cir. 1994) (recognizing that the jury is "to make factual findings on the issue of comparative negligence") (quoting *Gish v.*

4

*CSX Transp., Inc.*, 8890 F.2d 989, 993 (7th Cir. 1989)). Kennedy was therefore not entitled to judgment as a matter of law.

3. Next, Kennedy contends that the district court erred when, in its explanation of the verdict form to the jury, it informed the jury that it should consider whether EIRR's "negligence [was] an approximate cause of the damage." She argues that the district court imposed a proximate cause element that the Supreme Court has held does not exist for FELA claims. *See CSX Transp., Inc. v. McBride*, 564 U.S. 685, 688 (2011). Kennedy did not raise this objection below. Consequently, we review the challenged instruction for plain error, and we see none. *C.B. v. City of Sonora*, 769 F.3d 1005, 1016 (9th Cir. 2014) (en banc). We are satisfied that the district court's statement did not affect Kennedy's substantial rights or the fairness and integrity of the trial. *See Bearchild v. Cobban*, 947 F.3d 1130, 1139 (9th Cir. 2020). There is no indication that the jury was confused as to the elements of Kennedy's FELA claim, and the district court did not introduce any error in its written jury instructions—only in an oral explanation of the verdict form, which itself did not mention proximate cause. Any error was therefore harmless.

4. Finally, Kennedy argues that the district court erred in admitting portions of defense expert Foster Peterson's testimony, claiming that his discussion of the physical forces Kennedy might have experienced during the rough coupling were biomechanical opinions that he was not qualified to give. We review a district

court's decision to admit testimony pursuant to Fed. R. Evid. 702 for abuse of discretion. *United States v. Holguin*, 51 F.4th 841, 852 (9th Cir. 2022). District courts, in their role as gatekeepers, "are vested with broad latitude to decide *how* to test an expert's reliability and *whether or not* an expert's relevant testimony is reliable." *Murray v. Southern Route Maritime SA*, 870 F.3d 915, 923 (9th Cir. 2017) (cleaned up). Here, the district court determined that Peterson did not give opinions outside his area of expertise because he "specifically stated that he could not testify about the effect of forces on the human body or injury causation," and his "testimony was based on sufficient data and reliable principles and methods." The district court did not abuse its discretion in reaching this conclusion.

**AFFIRMED.**